# UNITED STATES DISTRICT COURT

for the
Southern District of Illinois

Joshua Kruger #K50216

_____

_____

_____

*Plaintiff(s)/Petitioner(s)*

v.

Jacqueline Lashbrook; Louis Shicker;
___ Siddiqui; Wexford Health Sources;
Milleur; McCaleb; Matheny; Rooyster;
and Moore.

_____

*Defendant(s)/Respondent(s)*

Case Number: __20-24-NJR__
(Clerk's Office will provide)

☒ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)
☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)
☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act, 28 U.S.C.
§§1346, 2671-2680, or other law

## I.   JURISDICTION

Plaintiff: Joshua Kruger #K50216

A.   Plaintiff's mailing address, register number, and present place of confinement.

#K50216
P.O. Box 99
Pontiac, IL. 61764

Defendant #1:

B.   Defendant __Jacqueline Lashbrook__ is employed as
(a)   (Name of First Defendant)

__Warden, Chief Administrative Officer__
(b)   (Position/Title)

with __Illinois Department of Corrections at Menard C.C.__
(c)   (Employer's Name and Address)

711 Kaskaskia St., Menard, IL. 62259

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain:

Illinois Department of Corrections

Rev. 10/3/19

**Defendant #2:**

C.    Defendant ___Louis Shicker___ is employed as

(Name of Second Defendant)

___Medical Director___

(Position/Title)

with ___Illinois Department of Corrections___

(Employer's Name and Address)

___1301 Concordia Court, Springfield, IL. 62794-9277___

At the time the claim(s) alleged in this complaint arose, was Defendant #2 .employed by the state, local, or federal government?    ☒ Yes    ☐ No

If you answer is YES, briefly explain:

Illinois Department of Corrections

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).

Defendant #3:

Defendant Siddiqui is employed as Facility Medical Director at Menard Correctional Center, 711 Kaskasia St., Menard, IL. 62259. Defendant Siddiqui was employed by the state Agency – the Illinois Department of Corrections.

Rev. 10/3/19

Defendant #4:

Defendant Wexford Health Sources, Inc. is A private Corporation on contract with the Illinois Department of Corrections to provide medical and mental health treatment to prisoners of the Illinois Department of Corrections.

Defendant #5:

Defendant Milleur is employed as a Major at Menard Correctional Center, 711 Kaskasia Street, Menard, IL. 62259. Defendant Milleur was employed by the state agency - the Illinois Department of Corrections.

Defendant #6:

Defendant McCaleb is employed as a Correctional Officer at Menard Correctional Center, 711 Kaskasia Street, Menard, IL. 62259. Defendant McCaleb was employed by the state agency - the Illinois Department of Corrections.

Defendant #7:

Defendant Matheny is employed as a Correctional Officer at Menard Correctional Center, 711 Kaskasia Street, Menard, IL. 62259. Defendant Matheny was employed by the state agency - the Illinois Department of Corrections.

Defendant # 8:

Defendant Rooyster is employed as a Correctional Officer at Menard Correctional Center, 711 Kaskasia Street, Menard, IL. 62259. Defendant Rooyster was employed by the state agency - the Illinois Department of Corrections.

Defendant # 9:

Defendant Moore is employed as a Correctional Officer at Menard Correctional Center, 711 Kaskasia Street, Menard, IL. 62259. Defendant Moore was employed by the state agency - the Illinois Department of Corrections.

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law? ☒Yes ☐No

B.    If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability,** including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:
Plaintiff(s):    Joshua Keuger

Defendant(s):    Jacqueline Lashbrook, et al.,

2.    Court (if federal court, name of the district; if state court, name of the county):    United States District Court, Southern District of Illinois

3.    Docket number:    18-CV-00512-NJR-ROD

4.    Name of Judge to whom case was assigned:
Chief Judge Nancy J. Rosenstengel

5.    Type of case (for example: Was it a habeas corpus or civil rights action?):    Civil Rights Action

6.    Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):

Still pending

7.      Approximate date of filing lawsuit:

2018

8.      Approximate date of disposition:

N/A

9.      Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"

N/A

## III.    GRIEVANCE PROCEDURE

A.      Is there a prisoner grievance procedure in the institution?  ☒ Yes      ☐ No

B.      Did you present the facts relating to your complaint in the prisoner grievance procedure?                                                    ☒ Yes      ☐ No

C.      If your answer is YES,
1.      What steps did you take?

I filed two separate grievances on these issues at all 3 levels of the IDOC grievance process.

2.      What was the result?

Denied at all levels.

D.      If your answer is NO, explain why not.

E.      If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?                                    ☐ Yes      ☐ No

F.      If your answer is YES,
1.      What steps did you take?

Rev. 10/3/19

II. Previous Lawsuits Continued....

#2: Joshua Krueger Vs. John Baldwin, et al.,
   Case Number: 2019 - MR - 000144
   Sangamon County Circuit Court of Illinois
      Judge Esteban Sanchez
         civil Rights case, still pending
   Was filed in February 2019.

#3: Joshua Krueger V. John Baldwin, et al.,
   Case Number: 19-CV-00268-NJR
   U.S. District Court, Southern District of Illinois
   Chief Judge Nancy J. Rosenstengel
      Civil Rights case, still pending
   Was filed in March 2019.

#4: Joshua Krueger V. Salvador Godinez, et al.,
   Case number: 15-CV-
   US District Court, Central District of Illinois
      Civil Rights case, dismissed on summary judgment.
   Was filed in 2015.

#5: Joshua Krueger V. Jennifer Boland, et al.,
   Case number: ?
   U.S. District Court, Central District of Illinois
      Civil Rights case, settled out of court.
         Was filed in 2015?

#6. <u>Joshua Kruger V. Warden Pfister, etal.,</u>
Case number: ?
U.S. District Court, Central District of Illinois
Civil Rights Case, settled out of court
was filed in 2014?

#7. <u>Joshua Kruger V. Sheriff Hartshorn</u>
Case number: ?
U.S. District Court, Central District of Illinois
Civil Rights Case, dismissed on summary Judgment.
was filed in 2002.

#8.  Joshua Kruger V. _____
Case number: ?
U.S. District Court, Central District of Illinois
Civil Rights Case, dismissed as a strike!
was filed in 2015?


Plaintiff Joshua Kruger only has one strike for failure to
state a claim and/or for filing a frivolous claim.

## IV.   STATEMENT OF CLAIM

A.   State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated.  Do not include legal arguments or citations.  If you wish to present legal arguments or citations, file a separate memorandum of law.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

1. On November 28, 2017 plaintiff Joshua Kruger was moved from cell North Uppers 547 at Menard C.C. to cell North 2-223. Kruger was being placed in "Investigative" status in the segregation unit. Despite IDOC regulations mandating that each segregation cell be furnished with a mattress, pillow, sheets, pillowcase and a blanket, Kruger's cell did not have those items. Kruger asked defendants McCaleb, Matheny, Rooyster and Moore for there items, but they refused to give them, Kruger wasn't given his property until January 1, 2018.

2. When Kruger was placed in cell North 2-223 he noticed that it was deplorable in condition. The mattress was dirty and urine stained. The toilet leaked. Brown liquid leaked down the walls out of the light fixture. There was black mold and peeling paint all over the cell walls. Kruger could tell that the cell had not been cleaned before he was placed inside of it. Despite IDOC Regulations mandating that each cell be cleaned before another prisoner is placed there, Kruger asked defendant McCaleb, Matheny, Rooyster and Moore that the cell be cleaned or he be given the cleaning supplies to do it himself, but they refused to allow him to do so or have the cell cleaned.

Rev. 10/3/19

2.    What was the result?

G.    If your answer is NO, explain why not.

H.    Attach copies of your request for an administrative remedy and any response you received.  If you cannot do so, explain why not:

grievances are attached.

Rev. 10/3/19

3. In the North 2 Segregation Unit at MenArd, Defendants Lashbrook, Milleur, and Siddiqui had a policy and practice of housing Severely Mentally Ill (SMI) prisoners on the same galleries as non-SMI prisoners. Some of these SMI prisoners flooded the gallery with water and threw feces outside their cells. They banged on the steel cell doors all day and night causing sleep deprivation. Despite litigation and grievances about this same issue, defendants Lashbrook, Milleur and Siddiqui still housed these SMI prisoners around non-SMI prisoners in segregation.

4. Due to the above conditions in cell 223 and in segregation, Kruger began to experience migraine headaches, severe back pain, and severe depression, anxiety, and complications from his Attention Deficit Disorder (ADD). The lower back pain was so severe that it forced his buttocks And lower legs to go numb.

5. Because of this pain Kruger put in a request to see a nurse for sick call. On January 30, 2018 Kruger saw Registered Nurse Nolan for sick call. Nurse Nolan told Kruger that it was Wexford Health Sources, Inc. ("Wexford") policy to treat all the pain the same "whether it's headaches or back pain." She then gave Kruger a packet of 18 Ibuprofen (200 mgs) tablets and put Kruger in to see the doctor.

6. On February 2, 2018 Kruger saw defendant Siddiqui about the migraine headaches and severe back pain. Defendant Siddiqui said by Wexford policy he was only allowed to give me Ibuprofen, Tylenol or Excedrin, and said he would give me Excedrin. Despite that, the headaches and back pain did not subside.

7. On February 10, 2018 Mental Health Practitioner R. Mooney diagnosed Krueger with Manic Depressive Disorder, Borderline Anti-Social Personality Disorder, and Attention Deficit Disorder. MHP Mooney told Krueger that he should have been on the mental health caseload for years, but somehow slipped under the radar. The reason Krueger slipped under the radar was because Wexford, defendant Shicker (IDOC's medical Directive), and Wexford's Mental Health Director John Doe (name unknown to me at this time) had a policy not to do any meaningful case reviews, screenings, or other mental health treatment despite litigation and grievances about these issues.

8. Due to a class action lawsuit, <u>Lippert v. Wexford</u>, defendant's Shicker, Siddiqui, and Wexford, were well aware that they were understaffing IDOC prisons, and Wexford trained its' employees to look to save money first and cut corners in an effort to put business and the bottom line before adequate medical care. Because of these policies, customs and practices, Krueger was given inadequate treatment for his migraine headaches and severe back pain while in segregation.

9. Due to a class action lawsuit, <u>Rasho v. Baldwin, et al.</u>, 07-1298 (C.D.IL.), defendant Shicker, Siddiqui and Wexford, were well aware that they were failing to adequately deliver proper mental health treatment to prisoners at Menard. Defendants Lashbrook, Milleur and Siddiqui continued to house SMI prisoners around Non-SMI prisoners in segregation despite litigation and grievances complaining of these bogus practices. Because of this, Krueger's mental health deteriorated while in segregation at Menard.

10. Kruger spent six months in North 2 segregation at Menard around these SMI prisoners. After filing grievances about the cell conditions of North 2-223 he was eventually moved to another cell, but not before he spent over a month in those deplorable conditions.

11. Defendant Wexford, Shicker, and Siddiqui have or had, a policy to not treat prisoners who have mental illnesses if they were not on their medications or refused to take psychotropic medications. Because of this policy Kruger was not seen by a mental health staff member in any adequate treatment despite Kruger having a documented history of mental illness.

## V.   REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

Award punitive, compensatory and/or nominal damages. Issue an injunction (both preliminary and permanent) and declaratory relief that the defendants' actions violated the Constitution.

## VI.   JURY DEMAND (*check one box below*)

The plaintiff ☒ does  ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on:   1/2/20 _____
                        (date)

_____ *Joshua Krueger*
Signature of Plaintiff

700 W. Lincoln Street _____
Street Address

_____ Joshua Krueger
Printed Name

Pontiac, IL. 61764 _____
City, State, Zip

_____ #K50216
Prisoner Register Number

_____
Signature of Attorney (if any)

Rev. 10/3/19

Cell location: N2-223 RECEIVED

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

DEC 13 2017

| Date: 12/6/17 | Offender: (Please Print) Joshua Kruger | | ID#: K50216 |
|---|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: | Menard C.C. | |

**NATURE OF GRIEVANCE:**

213-12-17

- ☒ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☒ Other (specify): Conditions of Confinement

☐ Disciplinary Report: ___/___/___
Date of Report / Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On November 28, 2017 I was placed in INVESTIGATIVE STATUS and moved from cell NU-547 to N2-223. I was not given a bedroll. Ill. Admin. Code rules and regulations set mandatory standards for segregation cells. These regulations require each cell to be furnished with mattress, pillow, sheets, pillowcase and blanket. As of this writing I still have not received any sheets, pillowcase or blanket. Furthermore, the conditions in cell N2-223 are deplorable. The mattress is dirty and worn stained. The toilet leaks, around the light fixture it leaks brown liquid down the walls. There's black mold on the walls and peeling paint all over the cell. The cell was not cleaned before I was placed inside it. I've asked every officer (McCalvh, Matthew, Anybel, Moore, Hake, & others whose names I do not know at this time) for sheets, blanket & pillowcase but they say they don't have any. The reason why I don't have my seg bag stuff from my cell (NU-547) is because I/A placed me on investigation after an interview at the HCU. I was not allowed to pack a seg bag. Because of this it's one

Relief Requested: To be given 2 sheets, 1 pillowcase & a blanket and moved to a cell with a clean mattress and clean cell conditions, or to be released from segregation. Also to have coats supplied to all offenders who go to seg yard in winter time.

☐    Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self

_Joshua Kruger_                    K50216      12, 6, 17
Offender's Signature              ID#           Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 12, 27, 17    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: After Contacting Property - All allowable property for Seg was given to offender on 1-4-18. Bedrolls come from the gallery. Contact your Gallery Officer. Cleaning Supplies are handed out - Ask your Gallery officer for more if needed

M. Nipe      CWR                    _____  C02    01/10/2018
Print Counselor's Name            Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____    ___/___/___
Chief Administrative Officer's Signature        Date

Distribution: Master File; Offender                Page 1                DOC 0046 (5/2012)

Printed on Recycled Paper

Kruger v. Lashbrook, et al. (18-512) Document No.:    000475

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

the duty of Menard staff to provide me with sheets, pillowcase & blanket. Yet they haven't. Yesterday I went to the segregation exercise yard and was not given a coat. It was below 50° outside and myself & several other offenders were forced to endure the cold for 4 hours without a coat. Outdoor exercise is a right and forcing us to endure extreme cold/wind without adequate protection just to achieve exercise is a violation of the 8th Amendment. These conditions in these totality violate numerous IDOC rules & regulations + Illinois law and federal law. To rectify these conditions the following should happen:

A) all cells should be thoroughly cleaned before an offender is placed in them;

B) All cells should be furnished with clean mattress (the cloth mattresses like I have in my cell should be thrown away & replaced with the newer vinyl mattresses);

C) All offenders should be provided coats upon going to yard in seg if the weather is under 50°;

D) I should be given 2 sheets, 1 pillowcase, and 1 blanket immediately; or

E) in the event these conditions can not be met I should be released from segregation and placed back in my old cell- NU-547 (where my property still is at!!!).

DOC 0046 (8/2012)

Distribution: Master File; Offender

Printed on Recycled Paper

Kruger v. Lashbrook, et al. (18-512) Document No.:    000476

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

N² 2-83

ID#: K50216

| Date: 2/11/18 | Offender: (Please Print) Joshua Kruger | Facility where grievance issue occurred: MENARD CORR. Center [shift-wife bunkHAc] |
| Present Facility: MENARD CORR. Center | | MENARD CORR. Center |

*1.63.2.18

FEB 14

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify): _____

☐ Disciplinary Report: ___/___/___
Date of Report

Facility where issued

Protective custody on the protective custody status notification.

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On January 30, 2018 I went to sick call because I had been experiencing migraine headaches and back pain since I have been in segregation. The nurse (whose name is unknown to me at this time) who conducted sick call in North 2 HCU on 1/30/2018 told me that it was Wexford's policy to treat "all pain the same, whether it's headaches and back pain." She then gave me packet of 18 IBUPROFEN (200 mgs) TABLETS AND PUT ME IN TO SEE THE DOCTOR. ("Wexford" is Wexford Health Sources, Inc. and is the sole provider of medical care at Menard C.C.) Dr. J. Trost (medical director at Menard) and IDOC medical director Louis Shicker, in combination and in conspiracy, have created this policy as a way to spend the least amount of money so Wexford can profit. IDOC and Wexford both are aware that Wexford has understaffed every IDOC facility and has been deliberate indifferent to prisoner serious medical needs by the classaction of Lippert V. Wexford (which is still pending and Shicker is a defendant). It is undisputed over

**Relief Requested:** Wexford Health Sources, Ltd. to change their policies regarding medical treatment and mental health treatment; declaration and damages for past suffering due to lack of mental health treatment since I have been in IDOC custody 8/2003!

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Joshua Kruger                                    K50216 . 3 / 11 / 18
Offender's Signature                             ID#              Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: 3/15/18 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: Medical response to grievance attached: Offender Kruger was seen by the nurse for sick call on 1/30/18 for headache. Offender was referred to MD on 1/30/18 seen on 2/2/18; prescribed Excedrin migraine. MH response attached also.

KADDLE TACC I                              3/16/18
Print Counselor's Name          Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

___/___/___
Chief Administrative Officer's Signature                          Date

**RECEIVED**
**MAY 16 2018**
**ADMINISTRATIVE**
**REVIEW BOARD**

Distribution: Master File; Offender                  Page 1                  DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO OFFENDER'S GRIEVANCE          *N2-2-24*

| Grievance Officer's Report |
|---|

Date Received: March 22, 2018              Date of Review: May 2, 2018              Grievance # (optional)  163-2-18

Offender: Kruger, Joshua                                                           ID#: K50216

Nature of Grievance:  Wexford Policies

**Facts Reviewed:**  All information submitted to the Grievance Officer by the offender or institutional staff pertaining to this issue(s) being grieved has been thoroughly reviewed. Offender submitted a grievance dated 2/11/2018 and grieves on 1/30/2018 he went to sick call for migraine headaches and back pain since he has been in segregation and he states that the nurse told him that "Wexford's policy is to treat all pain the same whether it's headaches and back pain" and gave him a packet of Ibuprofen and put him in to see the Doctor. He states that he did not have the issues prior to coming to segregation. He states that with all of the anxiety and depression he has sought Mental Health services as well. He states that MHP Mooney told him he should have been on a mental health caseload for years.

**Relief requested:**  "Wexford Health Sources, LTD. To change their policies regarding medical treatment and mental health treatment; declaration and damages for past suffering due to lack of mental health treatment since I have been in IDOC custody 8/2003."

Counselor responded on 3/6/2018 – Medical response to grievance attached: Dr. Siddiqui, Facility Medical Director and RN Supervisor Crain reviewed the grievance and advise the offender Kruger was seen by the nurse for sick call on 1/30/2018 for concerns of headaches. Offender was referred to the MD on 1/30/2018 and was seen on 2/2/2018 and prescribed Excedrin Migraine.

Mental Health response attached:  Dr. Goldman, the Psych Administrator reviewed the grievance and advised that offender Kruger is seen by MHP Mooney on a 14 day follow up and was last seen on 3/14/18. The offender is not seen by a psychiatrist and is not on Mental Health medication due to offender stating no desire to be treated with MH medication. The offender is appropriately placed with his MHP and his current level of care is being appropriately implemented.

Grievance Office reviewed on 5/2/2018 – The Counselor addressed the grievance appropriately.

The offender was evaluated and treated as the medical professionals and mental health professionals deemed appropriate.

It is out of the scope of this grievance office to recommend Wexford policy changes.

**Recommendation:**  Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be MOOT. The offender was evaluated and treated as the medical professionals and mental health professionals deemed appropriate.

RECEIVED

MAY 1 6 2018

ADMINISTRATIVE
REVIEW BOARD

Kelly Pierce  .  Menard Correctional Center
Print Grievance Officer's Name
(Attach a copy of Offender's Grievance, including counselor's response if applicable)
                                                          Grievance Officer's Signature

| Chief Administrative Officer's Response |
|---|

Date Received: May 3, 2018          ☑ I concur          ☐ I do not concur          ☐ Remand

Comments:

Chief Administrative Officer's Signature                                              5/4/18
                                                                                      Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Joshua Karyer                               K50216          5/14/18
Offender's Signature                        ID#            Date

Kruger v. Lashbrook, et al. (18-542) Document No.:          000305

Illinois Department of Corrections
OFFENDER'S GRIEVANCE (Continued)

that I have a serious medical need in that I have been experiencing constant migraine headaches accompanied by some dizziness alongside severe lower back pain that causes my buttocks and lower extremities to go numb. See Rhinehart v. Alvarez, 2003 WL 23473098 (N.D. Tex. Mar. 3, 2003). It should be noted that before coming to segregation I did not have this severe back pain and these constant migraine headaches or dizziness. Furthermore, IDOC and Menard C.C. have continued to house severely mentally ill (SMI) persons in segregation around non-SMI prisoners (like me). These SMI prisoners being on the steel door all day and night causing sleep deprivation. Some of these SMI prisoners play with feces and flood the gallery. Housing me around these SMI prisoners violates the Rasho v. Baldwin, et al., Case No. 07-1298 (USDC C.Ill.) and the Eighth Amendment to the U.S. Constitution. Because of these conditions I have sought mental health treatment myself for anxiety, depression, and deprivation of my attention deficit disorder and have been placed on the mental health caseload seeing R. Mooney, MHP. On February 2, 2018, I saw Dr. Siddiqi in regards to my migraine headaches and severe back pain. Dr. Siddiqi said the only thing he was allowed to give me for the pain was Ibuprofen, Tylenol or Excedrin and said he would give me Excedrin. When the nurse took my blood pressure she told Dr. Siddiqi that it was "abnormally high". Dr. Siddiqi looked at my chart and said I had no history of high blood pressure so it was nothing to worry about. A few days later the nurse brought me a blister pack of 30 generic Excedrin pills. On February 10, 2018, mental health professional R.J. Mooney diagnosed me with manic depression disorder and borderline "flute out" mental health professional R.J. Mooney diagnosed me with Anti-Social Personality Disorder. The conditions at Menard C.C. and in North 2 segregation have played a big part in why I am suffering from severe depression and anxiety. Warden Lashbrook and Major Millner (over North 2) are not making the conditions better as per the Rasho lawsuit. The medical health treatment at Menard should be improved and the conditions should be improved in North segregation. (See previous grievance of this offender on 12/6/17 #23-12-17). MHP R. Mooney also told me that I should have been on the mental health caseload for years, but "somehow I slipped under their radar". The reason I slipped under their radar is because IDOC and Wexford (along with IDOC's mental health director & Wexford's mental health director, which names are unknown to me at this time) were deliberately indifferent to offender mental health needs over the years. They failed to do any comprehensive mental health evaluations of every put me on the mental health caseload despite my requests for such treatment in the past. This violated the Eighth Amendment. See Petties v. Carter, 2017 WL 8925004 (7th Cir. Mar. 7, 2017). I have been in IDOC custody since August 2003 this time and for the last 14 years. I have never been on the mental health caseload until now. But evidence of my mental health problems are in my case file and have been there for years. I've told several IDOC/Wexford staff about being diagnosed with ADD, Impulse Control Authority Complex and having been on Adderall, Cylert, Tenex, Elavil, Lithium (all anti-psychotropic medications) in the past. Despite these warnings, IDOC's mental health director (name unknown to me at this time) and Wexford's mental health director (name unknown to me) and Wexford Health Sources, LLC have had a policy, practice and custom which IDOC prisons, to staff mental health professionals at the lowest level to save money and make a profit for Wexford. Warden Hardy (Stateville), Warden Pfister (Pontiac) were aware of the low levels of mental health staff when they were Wardens but continued to allow mental health staff reduced health at the lowest levels. Because of all of the above, my mental health condition has worsened without treatment.

Page 2



Bruce Rauner
Governor

John Baldwin
Acting Director

## The Illinois Department of Corrections

Menard Correctional Center
711 Kaskaskia Street • Menard, IL  62259 • (618) 826-5071 TDD: (800) 526-0844

# M E M O R A N D U M

DATE:   March 12, 2018

TO:     Counselor Hood
        RE: Offender Kruger, Joshua - K50216

FROM:   Angela Crain, RN Nursing Supervisor
        Dr. Siddiqui, Facility Medical Director

SUBJECT: Grievance Written - 02/11/2018  Grievance # 163-2-18

---

We are in receipt of Offender Kruger K50216 grievance concerning lack of medical treatment for sick call on 01/30/2018. We do find that Offender Kruger was seen by the nurse for sick call on 01/30/2018 for concerns of headaches. Offender was referred to the MD on 01/30/2018 and was seen on 02/02/2018 and prescribed Excedrin Migraine.

_____
Dr. Siddiqui, Facility Medical Director

_____
Angela Crain, RN Nursing Supervisor

**RECEIVED**

MAY 1 6 2018

ADMINISTRATIVE
REVIEW BOARD

---

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

*www.illinois.gov/idoc*

Kruger v. Lashbrook, et al. (18-512) Document No.:    000308



Bruce Rauner
Governor

John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

August 3, 2018

Joshua Kruger
Register No.  K50216
Menard Correctional Center

Dear Mr. Kruger:

This is in response to your grievance received on May 16th , 2018, regarding medical treatment (headaches and backpain) and staff conduct (Dr. Siddiqui) that occurred at Menard Correctional Center on1/30/18 and 2/2/18.  Your grievance is dated 2/11/18. This office has determined the issue will be addressed without a formal hearing.

On 1/30/18 you state you went to health care for a headache and was issued ibuprofen. You state the nurse told you all pain is treated the same. You blame your headaches, back pain and numbness to your extremities, on being in segregation. You also state that SMI offenders should not be housed with non-SMI offenders. You state this housing arrangement has caused you anxiety and depression. On 2/2/18 you claim your blood pressure was high and Dr. Siddiqui reviewed your chart and stated that since this has not been an issue in the past, it was nothing to be concerned about. You state you have been diagnosed with manic depression disorder and anti-social personality disorder and you blame Menard CC for that. You also state you have not had a mental health evaluation completed since you have been incarcerated since 2003.

Grievance Officer's Report (163-2-18) and subsequent recommendations dated May 2nd, 2018 and approval by the Chief Administrative Officer on May 4th, 2018, have been reviewed.

Based on a total review of all available information, this office recommends the grievance be denied. Records show your medical concerns were addressed on 1/30/18 and you were referred to the Dr. on 2/2/18, where you were prescribed medication for your headaches. Medical care is at the discretion of the provider. The decision on placement of offenders is an administrative issue. You state Menard is responsible for your declining mental health. Medical requests slips should be submitted for any medical issues you are experiencing. Records show you are not currently being treated for mental health issues due to your request to not be on mental health medications. This office cannot address the mental health evaluation issue since you provide no date of incident within the last 60 days.

FOR THE BOARD: _____
Amy Burle
Administrative Review Board
Office of Inmate Issues

Concurred: _____
John R. Baldwin
Acting Director

cc:    Warden, Menard Correctional Center
       Joshua Kruger Register No.  K50216

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov idoc



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

JOSHUA Kruger
Name

K50216
ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.  Is this a new civil rights complaint or habeas corpus petition?         (Yes) or No

    If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2.  Is this an Amended Complaint or an Amended Habeas Petition?         Yes or (No)

    If yes, please list case number: _____

    If yes, but you do not know the case number mark here: _____

3.  Should this document be filed in a pending case?         Yes or (No)

    If yes, please list case number: _____

    If yes, but you do not know the case number mark here: _____

4.  Please list the total number of pages being transmitted: _____

5.  If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| INFORMA PAUPERIS MOTION | 6 |
| New COMPLAINt-1983 | 21 |
|  |  |
|  |  |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record.  Discovery materials sent to the Court will be returned unfiled.