# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA KRUGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-24-NJR |
| ) | |
| JACQUELINE LASHBROOK, LOUIS ) | |
| SHICKER, SIDDIQUI, WEXFORD ) | |
| HEALTH SOURCES, INC., MILLEUR, ) | |
| McCALEB, MATHENY, ROOYSTER, ) | |
| Dr. WILLIAM PUGA, ROBERT ) | |
| JEFFREYS, and MOORE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Joshua Kruger, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center. Plaintiff has sought leave to file an Amended Complaint (Doc. 7), which the Court **GRANTS**. The Clerk is **DIRECTED** to **FILE** the Amended Complaint. In the Amended Complaint, Plaintiff alleges Defendants were deliberately indifferent to his conditions of confinement as well as his physical and mental health. He asserts claims against the defendants under the Eighth Amendment. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a

1

complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint: On November 28, 2017, while at Menard, Plaintiff was placed in North 2 Segregation Unit Cell 223 on investigative status. His cell lacked a pillow, sheets, pillowcase, and blanket. He requested the materials from McCaleb, Matheny, Rooyster, and Moore, but they refused to provide him with any of his requested materials. In the cell, his mattress was old, lumpy, and urine stained. The toilet leaked, brown liquid ran down the walls, and there was black mold and peeling paint. He requested cleaning supplies from McCaleb, Matheny, Rooyster, and Moore but they refused.

In addition to these conditions, Plaintiff was housed with severely mentally ill ("SMI") inmates based on a policy and practice created by Lashbrook, Milleur, Dr. Siddiqui, and Bladwin. These SMI inmates flooded the gallery with water, threw feces, and banged on the doors all day and night. As a result of the conditions and the environment caused by being housed with SMI inmates, Plaintiff experienced migraines, severe back pain, depression, and anxiety. Lashbrook, Milleur, Siddiqui, and Baldwin were aware of the problems caused by housing SMI inmates with regular inmates in segregation, but continued to do so anyway.

Plaintiff sought care for his migraines and backpain but was told by a nurse that Wexford Health Sources, Inc. ("Wexford") has a policy of treating all pain the same, no matter what type. Plaintiff was only provided with ibuprofen for his pain. On February 2, 2018 he saw Dr. Siddiqui for his migraines and severe back pain but was told that Wexford only allows doctors to give

inmates ibuprofen, Tylenol, or Excedrin. Dr. Siddiqui prescribed Plaintiff Excedrin but it did not help the pain.

Plaintiff also sought care for his mental health and on February 10, 2018 was diagnosed with manic depressive disorder, borderline anti-social personality disorder, and attention deficit disorder. The mental health practitioner told Plaintiff that he should have been diagnosed sooner. Plaintiff alleges that he was not diagnosed earlier because Wexford, Dr. Shicker (IDOC's medical director), and Dr. Puga (IDOC's chief of psychiatry) have a policy or practice of understaffing IDOC prisons with medical workers and refusing to provide case reviews and screenings. Lashbrook, Dr. Shicker, Dr. Siddiqui, Wexford, and Baldwin were aware that the healthcare unit was understaffed but did nothing to remedy the issue. Lashbrook, Dr. Shicker, Wexford, Dr. Puga, Milleur, and Baldwin were also aware that proper mental health treatment was not being provided to inmates like Plaintiff but failed to remedy the issue. Wexford, Dr. Shicker, Dr. Siddiqui, and Dr. Puga would not treat prisoners with mental illnesses if they refused to take medications. Since being diagnosed with mental conditions, Plaintiff has not been provided with adequate treatment for his condition. Even after transferring to Pontiac Correctional Center, Wexford, Dr. Puga, John Baldwin, and Rob Jeffreys continued to maintain a policy of not providing mental healthcare to inmates like Plaintiff.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following four counts:

**Count 1:** **McCaleb, Matheny, Rooyster, and Moore were deliberately indifferent under the Eighth Amendment to the physical conditions of Plaintiff's cell in segregation.**

**Count 2:** **Jacqueline Lashbrook, Milleur, Dr. Siddiqui, and John Baldwin were deliberately indifferent to Plaintiff's conditions of**

3

>    confinement in segregation by housing him with SMI inmates in violation of the Eighth Amendment.

> **Count 3:** Dr. Siddiqui and Wexford were deliberately indifferent in treating Plaintiff's back pain and migraines in violation of the Eighth Amendment.

> **Count 4:** Jacqueline Lashbrook, Dr. Shicker, Dr. Siddiqui, Dr. William Puga, Milleur, John Baldwin, Rob Jeffreys and Wexford were deliberately indifferent under the Eighth Amendment for failing to properly treat Plaintiff's mental health conditions.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Count 1

At this stage, Plaintiff states a viable conditions of confinement claim against McCaleb, Matheny, Rooyster, and Moore. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir.1997) (not only severity but duration of the condition that determines if condition is unconstitutional).

## Count 2

Plaintiff also states a viable conditions of confinement claim against Jacqueline Lashbrook, Milleur, Dr. Siddiqui, and John Baldwin for housing Plaintiff with SMI inmates. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir.1997) (not only severity but duration of the condition that determines if condition is unconstitutional).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 3**

Plaintiff also states a claim against Dr. Siddiqui and Wexford for deliberate indifference in managing his pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005); *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

**Count 4**

Finally, Plaintiff states a claim against Jacqueline Lashbrook, Dr. Shicker, Dr. Siddiqui, Dr. William Puga, Milleur, John Baldwin, Rob Jeffreys and Wexford for deliberate indifference in treating his mental health conditions. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005); *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

**<u>Disposition</u>**

For the reasons stated above, Count 1 shall proceed against McCaleb, Matheny, Rooyster, and Moore. Count 2 shall proceed against Jacqueline Lashbrook, Milleur, Dr. Siddiqui, and John Baldwin. Count 3 shall proceed Dr. Siddiqui and Wexford. Count 4 shall proceed against Jacqueline Lashbrook, Dr. Shicker, Dr. Siddiqui, Dr. William Puga, Milleur, John Baldwin, Rob Jeffreys and Wexford.

The Clerk of Court shall prepare for Defendants Jacqueline Lashbrook, Louis Shicker, Dr. Siddiqui, Wexford Health Sources, Inc., Milleur, McCaleb, Matheny, Rooyster, Moore, Dr. William Puga, John Baldwin, and Robert Jeffreys: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

5

**DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/27/2020**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your amended complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**