IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA KRUGER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cv-24-RJD |
| JACQUELINE LASHBROOK, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Joshua Kruger, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit on January 7, 2020 pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff alleges he was housed in an unsanitary cell and not provided with bedding and other necessities, despite his requests for the same. Plaintiff also asserts he was housed with severely mentally ill inmates, and his confinement caused him to experience migraines, back pain, anxiety and depression that were inadequately treated by medical providers. Finally, Plaintiff alleges he has mental health conditions that were not timely diagnosed because Wexford Health Sources, Inc. ("Wexford") has policies or practices of understaffing IDOC prisons with medical workers and refusing to provide case reviews and screenings. Plaintiff's amended complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One: McCaleb, Matheny, Rooyster, and Moore were deliberately indifferent under the Eighth Amendment to the physical conditions of Plaintiff's cell in segregation.
>
> Count Two: Lashbrook, Milleur, Dr. Siddiqui, and Baldwin were deliberately indifferent to Plaintiff's conditions of confinement in segregation by

|              |              |
|--------------|--------------|
|              | housing him with SMI inmates in violation of the Eighth Amendment. |
| Count Three: | Dr. Siddiqui and Wexford were deliberately indifferent in treating Plaintiff's back pain and migraines in violation of the Eighth Amendment. |
| Count Four:  | Lashbrook, Dr. Shicker, Dr. Siddiqui, Dr. Puga, Milleur, Baldwin, Jeffreys, and Wexford were deliberately indifferent under the Eighth Amendment for failing to properly treat Plaintiff's mental health conditions. |

Plaintiff, through counsel, now asks for leave to amend his complaint. Plaintiff asserts that upon review of additional records produced during discovery, it was discovered that additional claims against Defendants, particularly Wexford, exist.  More specifically, Plaintiff seeks to add the following claims: Institutional Negligence against Wexford; Negligence – Unsafe Environment and Failure to Report against Wexford; Respondeat Superior as to Wexford; and Intentional Infliction of Emotional Distress against all Defendants.   Plaintiff also seeks to add two defendants, Kelly Renzi and John Sokol, alleging claims of deliberate indifference (Count Three and Count Five) against them related to Plaintiff's incarceration at Pontiac Correctional Center ("Pontiac").   Based on a review of the proposed second amended complaint, Plaintiff's allegations related to Pontiac began around October 2018 following his September 2018 transfer.

Plaintiff asserts Defendants will not be prejudiced by granting the motion now before the Court as the underlying factual basis for his proposed allegations is not new.   Plaintiff also asserts the allowance to amend would not unduly burden Defendants as the new claims stem from documents already produced, and flow from the same series of events so it will not significantly add to remaining discovery obligations.   Plaintiff further explains his deposition has not yet been taken, so there would be no need to re-depose Plaintiff in light of these amendments.

Defendants Wexford and Dr. Siddiqui filed a response in opposition to Plaintiff's motion.

Defendants assert Plaintiff's motion is untimely, that the addition of the state-law claims will result in undue prejudice, and the claims against new defendants do not relate back to his original complaint.

## Legal Standard

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

## Discussion

First, the Court considers the issue of timeliness. In the Court's original scheduling and discovery order, Plaintiff was to file any motions to amend the complaint by September 29, 2020 (*see* Doc. 53). Plaintiff's deadline was extended to November 13, 2020 on his request (*see* Doc. 80). The Court denied Plaintiff's subsequent request to extend the deadline further, declining to hold open the deadline indefinitely; however, the Court indicated it may still entertain motions to

amend after the deadline in accordance with Federal Rule of Civil Procedure 15 (*see* Doc. 86).

Plaintiff was appointed counsel in April 2021 (*see* Doc. 98). Defendants remark that although the Court did not set a specific deadline for Plaintiff to file a motion for leave to amend since counsel entered for Plaintiff, it was not until after two status conferences with the Court, an original and re-notice of Plaintiff's deposition, and the second amended discovery deadline that Plaintiff's motion was filed. Defendants remark that the motion was filed just 41 days prior to the discovery deadline, per the most recent extension.

When considering whether a proposed amendment is unduly delayed, courts look to the similarity of the factual basis for the claims in the original complaint to the newly-asserted claims, the moving party's explanation for their delay in raising the new claims, and whether granting the motion to amend will require new or duplicated discovery efforts. *See, e.g., Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001). Delay alone, however, "is usually not sufficient to deny a motion for leave to amend," *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016). Indeed, delay "must be coupled with some other reason" — typically, prejudice to the nonmoving party. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004).

Defendants assert prejudice is apparent as this case is on the eve of Plaintiff's rescheduled deposition and the close of discovery. Defendants assert allowing Plaintiff to amend at this juncture and include additional state-law claims would essentially prevent them from mounting an adequate defense and unnecessarily prolong this litigation. While the Court recognizes Defendants' concerns, it is well recognized that pleadings may be amended to conform to the evidence, which appears to be the circumstance here. *See Winger*, 82 F.3d at 144. Although the proposed amended complaint does assert new claims against some Defendants and add two new Defendants, the factual basis is substantially the same and allowing the amendment will not unduly

increase discovery. As an additional matter, Defendants on this point assert Plaintiff's motion must be denied because he failed to provide any medical affidavits to support his state law medical negligence claims, which Defendants assert is required under 735 ILCS 5/2-622[1]. Defendants do not develop this argument or set forth with any particularity which claims they assert the requirement applies. Plaintiff asserts insofar as the argument is intended to address his proposed "institutional negligence" claim at Count Seven, the argument must fail because Count Seven is based on a breach of duty as to Wexford's "managerial and administrative rules, along with enforcement of its rules and regulations" and does not relate to a claim of "healing art malpractice." While the Court has concerns about the viability of this claim, Defendants have not shown or set forth any authority it is futile based on 735 ILCS 5/2-622 at this time. Indeed, Defendants' argument is better suited for a motion to dismiss that can be fully briefed by the parties.

Next, the Court considers Defendants' argument that the proposed claims against Kelly Renzi and John Sokol do not relate back to the original complaint. As alleged by Plaintiff, Kelly Renzi was the IDOC Psychology Administrator and the Mental Health Director of Pontiac at all times relevant, and John Sokol was the Wexford Mental Health Services Director at Pontiac at all times relevant.

Defendants assert Plaintiff's attempt to add allegations related to his incarceration at Pontiac do not relate back to the original complaint as said allegations are based on a new set of facts, defendants, and a different correctional facility. Defendants also complain that Plaintiff could have added these allegations, which started as early as October 2018, when he filed his original complaint in January 2020.

---

[1] Incorrectly cited in Defendants' brief as 735 ILCS 6/2-622.

Rule 15(c)(1)(B) provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out –or attempted to be set out—in the original pleading."  In other words, Rule 15(c)(1)(B) allows an otherwise time-barred amendment to relate back to the original pleading when the amendment asserts a new claim based on the same core of facts alleged in the original pleading, but involves a new legal theory.  *Bularz v. Prudential*, 93 F.3d 372, 379 (7th Cir. 1996).

In response, Plaintiff explains these Defendants are part of the same "series of transactions" cited in Plaintiff's prior complaint, noting that they have been added as additional parties involved in the indifference already alleged.  Moreover, Plaintiff explains he was unable to add these defendants and claims when he originally filed suit because he did not discover he had been erroneously denied mental health treatment at Pontiac until he found a record produced during discovery that stated it was an "error" that he was not placed on the mental health caseload when he transferred to Pontiac.   Plaintiff asserts this put him on notice of a pattern or practice that warranted amending his previous complaint.

While the Court agrees that the allegations concerning Sokol and Renzi concerning Count Five relate back to the original complaint, the allegations in Count Three do not.  Indeed, Count Three, which alleges Sokol and Renzi were deliberately indifferent in failing to prescribe anything more than Excedrin for Plaintiff's migraine headaches and serious back pain, stands alone and is not indicative of any "pattern or practice" asserted by Plaintiff.

Finally, the Court finds Plaintiff cannot proceed on Count Nine, Plaintiff's claim of *respondeat superior* liability against Wexford.  The law of this Circuit is that *respondeat superior* liability does not apply to private corporations under § 1983.  *Shields v. Illinois Dept. of*

*Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). As such, allowing Plaintiff to amend his complaint to add such a claim would be futile.

### Conclusion

For these reasons, Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 108) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is **ORDERED** to file his proposed second amended complaint as the Second Amended Complaint by **April 5, 2022**. Plaintiff, however, shall not be allowed to proceed against Renzi and Sokol on Count Three and must therefore omit these defendants from that Count. Plaintiff also shall not be allowed to proceed on his proposed Count Nine, a claim of *respondeat superior* against Wexford. Plaintiff shall also omit Count Nine before filing his Second Amended Complaint.

Based on this Order, the Court finds it appropriate to enter an amended scheduling order. As such, the Court **VACATES** all current deadlines and hearings and **MOOTS** the parties' motions related to the same (Docs. 116, 118, 122).

A status conference is set for **May 2, 2022 at 9:30 a.m.** At the status conference the Court will discuss the entry of an amended scheduling order and reset the trial date. The parties should call Judge Daly's conference line at 618-439-7731 to join the call.

**IT IS SO ORDERED.**

**DATED: March 29, 2022**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**