IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA KRUGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   20-cv-24-RJD |
| | ) |
| JACQUELINE LASHROOK, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Joshua Kruger, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard") and Pontiac Correctional Center ("Pontiac").  Plaintiff generally alleges that Defendants were deliberately indifferent to his conditions of confinement, as well as his physical and mental health.  In Count Five of his Second Amended Complaint, Plaintiff alleges that Defendants Lashbrook, Shicker, Wexford, Puga, Baldwin, Renzi, and Sokol were deliberately indifferent to Plaintiff's mental health at Menard and Pontiac, thereby causing Plaintiff injury and violating his Eighth Amendment constitutional rights.  Defendants Lashbrook, Shicker, Puga, Baldwin, and Renzi now move for summary judgment in Count V, contending that Plaintiff failed to exhaust his administrative remedies at Pontiac before filing his Second Amended Complaint.  Doc. 182.  Plaintiff filed a Response.  Doc. 186.

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  Prisoners in Illinois must follow the grievance

process set forth in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.810 *et seq*. Normally, when ruling upon a Motion for Summary Judgment, the Court engages in a lengthy discussion of the various requirements for the grievance process, the plaintiff's grievance records, and, in some instances, holds an evidentiary hearing. Here, Defendants' Motion rests on a clearly faulty premise: that Plaintiff did not fully exhaust a grievance related to his mental health treatment at Pontiac Correctional Center prior to filing his Second Amended Complaint.

The Court granted Plaintiff leave to file his Second Amended Complaint on March 29, 2022; Plaintiff filed the Second Amended Complaint on April 5, 2022. Docs. 125, 126. As discussed in the Court's order on multiple motions to dismiss and Defendant Sokol's Motion for Summary Judgment on the issue of administrative remedy exhaustion (Doc. 164), Plaintiff submitted a grievance at Pontiac regarding his mental health treatment in August 2020. Doc. 160-3, pp. 5-9. It was submitted through the required channels; ultimately, the Administrative Review Board ("ARB") denied it on the merits on November 13, 2020. *Id*.; Doc. 164, p. 15. The undersigned found that through this grievance, Plaintiff sufficiently exhausted his administrative remedies against Defendant Sokol. Doc. 164, p. 18.

The instant motion argues that "Plaintiff did not file *any* grievances with the ARB with respect to his allegations against Defendants regarding mental health treatment at Pontiac" prior to April 2022. Doc. 183, p. 6 (emphasis in the original). Defendants make no other arguments, resting on an affidavit from the ARB's Chairperson who states he searched for "grievances filed by [Plaintiff] that contained any allegations against employees at Pontiac Correctional Center related to the failure of employees at Pontiac Correctional Center to adequately monitor [Plaintiff's] mental health care filed prior to April 2022", but there were no such grievances. Doc. 183-2.

Plaintiff's August 2020 grievance specifically identifies Wexford and Dr. Renzi.[1]  Doc. 160-3, pp. 8,9.  In the grievance, Plaintiff states that he had not received regular mental health care treatment in nearly two years since arriving at Pontiac from Menard, and on August 18, 2020, he learned (by receiving discovery documents in this case) that a counselor had referred him for assignment to the "mental health caseload" because he was on the mental health caseload at Menard, had never been removed from the mental health caseload, and therefore was "to be placed on the mental health caseload at Pontiac." *Id*., p. 9; Doc. 160-4.    Later in the grievance, Plaintiff states that Dr. Renzi refused mental health treatment to him because he was not taking psychotropic medication.   Doc. 160-3, p.9.   Clearly, this grievance sufficed to exhaust Plaintiff's administrative remedies against Defendant Renzi.

Defendants Shicker, Puga, Lashbrook, and Baldwin are not mentioned in this grievance.  However, because they relied solely on their argument that Plaintiff never submitted a grievance regarding his allegations in Count 5, they have waived this and any other argument.   Defendants' Motion for Summary Judgment (Doc. 182) is DENIED and their affirmative defense of administrative remedy exhaustion stricken.

**IT IS SO ORDERED.**

**DATED: March 26, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] Wexford Health Sources, Inc. provides healthcare services to inmates within the IDOC; Dr. Kelly Renzi was the "IDOC Psychology Administrator and the Mental Health Director at Pontiac." Doc. 178, ¶¶9, 18.