# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA KRUGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-24-RJD |
| | ) |
| JACQUELINE LASHBROOK et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**DALY, Magistrate Judge:**

Plaintiff filed this lawsuit pro se and pursuant to §1983 more than four years ago. Twice, the Court recruited counsel for him. Plaintiff's current counsel recently filed Responses to Defendants' Motions for Summary Judgment on Plaintiff's behalf. Docs. 228 and 229. Yesterday, Plaintiff filed an "Opposition" to his attorney's Responses to the Motions for Summary Judgment, contending that he has a deposition and declaration by expert witnesses "that clearly support [Plaintiff's] claims." Doc. 230. Plaintiff "wishes to disqualify counsel and proceed pro se in this matter." *Id*.

Upon request by Plaintiff, the Court first recruited counsel for Plaintiff in April 2021. Doc. 98. The Court assigned Attorney Russell Chibe to represent Plaintiff. Attorney Chibe left the practice of law in March 2022 but his law firm (Barnes & Thornburg, LLP) continued to represent Plaintiff. *See*, *e.g*., Doc. 188. In August 2023, Barnes & Thornburg, LLP filed a Motion to Withdraw, citing a conflict of interest between Plaintiff and his attorneys. Doc. 192. The Court held a videoconference hearing in which Plaintiff was present and addressed the Court;

the undersigned granted the Motion to Withdraw. Doc. 201. In the "Opposition" filed yesterday, Plaintiff makes the following statements:

> …Barnes & Thornburg declined to represent Kruger further. Kruger requested this Court allow him to proceed "pro se" the rest of the way because he wanted the experience of "taking a federal civil rights lawsuit to jury trial." This Court denied Kruger his right to proceed pro se and told Kruger he would not be allowed to proceed pro se in this Court's Courtroom. This Court said they would find counsel to represent Kruger.

Doc. 230. The Court does not recall making any such statement, nor does the Court ever recall Plaintiff requesting to proceed pro se after the first law firm withdrew representation. Court Reporter Chris LaBuwi is directed to prepare, at her earliest convenience, a transcript of the December 4, 2023 hearing on the Motion to Withdraw filed by the law firm of Barnes & Thornburg, LLP. Plaintiff is advised that making false statements to the Court is sanctionable. Fed. R. Civ. P. 11(c).

In any event, the Court GRANTS Plaintiff's request to represent himself. District courts must recognize that "the valuable help of volunteer lawyers is a limited resource." *Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 937 (7th Cir. 2020). When the Court originally recruited counsel for Plaintiff in 2021, Plaintiff's efforts to litigate this case were hindered by COVID-19 protocols; specifically, he was unable to conduct research in the library. Doc. 92, p. 2; Doc. 98, p.1. He could not investigate and/or locate other prisoners who were potential witnesses to his claims, but the discovery phase of the case is now over. Doc. 92, p. 3. Plaintiff's "Opposition" reflects an adequate understanding of case law, standards for summary judgment, and evidence needed to support his claims. Doc. 230, p. 3.

Accordingly, Attorney Good is terminated from this matter. The Court sincerely thanks

him for his service.

Plaintiff requests that the Court allow him to file his own substantive response on the merits of Defendants' summary judgment motions. After reviewing the transcript of the December 4, 2023 hearing, the Court will determine whether good cause exists to allow Plaintiff additional time to file his own additional responses to Defendants' summary judgment motions.

**IT IS SO ORDERED.**

**DATED: March 7, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**