IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA KRUGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   20-cv-24-RJD |
| | ) | |
| JOSH MILLEUR, JOHN MCCALEB, | ) | |
| JACOB MATHENY and WEXFORD | ) | |
| HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Joshua Kruger, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pro se and pursuant to 42 U.S.C. § 1983.  He alleged that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard") from November 2017-September 2018, and later amended his complaint to include allegations regarding his time at Pontiac Correctional Center in 2018-2019.  Docs. 12, 126. Following the Court's rulings on summary judgment and a settlement reached between Plaintiff and Defendant Wexford Health Sources, Inc., this case proceeds to trial on the following claims:

> Count One: Eight Amendment conditions of confinement claim against Defendants Milleur, McCaleb, and Matheny, for placing and keeping Plaintiff in a deplorable segregation cell without adequate bedding and cleaning supplies.
>
> Count Two: Eighth Amendment conditions of confinement claim against Defendant Milleur for forcing Plaintiff to live around severely mentally ill ("SMI") prisoners.

Docs. 245, 272.

This matter now comes before the Court on multiple pretrial issues. Plaintiff filed a Motion for Clarification in which he asks the Court whether his claims for injunctive relief in Counts II and V survived summary judgment, and if so, to name the Warden of Menard as a Defendant for purposes of carrying out any injunctive relief in Counts II and V. Doc. 250, p. 1. Plaintiff's Second Amended Complaint[1] contains requests for an injunction in Count V and VI but Count II contains no claim for injunctive relief. Doc. 126, ¶¶45, 57, 74, 80. Count V of the Second Amended Complaint was against Wexford, and that claim was recently settled; summary judgment was granted to Defendants in Count VI. Plaintiff's request to add the Warden of Menard as a defendant in Count II is therefore DENIED.

Defendants object to witnesses named in Plaintiff's pretrial disclosures who were not previously identified in Plaintiff's initial disclosures or answers to written discovery. Plaintiff identified nine witnesses in his pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2). At the final pretrial conference, Plaintiff informed the Court that he no longer intends to call five of those nine witnesses. Of the remaining four witnesses, one was included in Plaintiff's Initial Disclosures, Gregory Turley. Doc. 267, pp. 1, 7. The other three witnesses-Joshua Schoenbeck, Paul Smith, and James Dorn-were not previously disclosed to Defendants. Plaintiff claims that he should be excused from the requirement that he identify witnesses in his Initial Disclosures because his Court-recruited attorneys failed to identify them, and that was why Plaintiff "fired them." Doc. 267, pp. 6-9. However, when Plaintiff made his initial disclosures, he represented himself and was able to list 20 individuals with purported knowledge of the

---

[1] Plaintiff's Second Amended Complaint was filed by Court-recruited counsel for Plaintiff on April 5, 2022. In 2023, Plaintiff's counsel moved to withdraw and the Court then recruited another attorney to represent Plaintiff. Docs. 192, 201, 206. At Plaintiff's request, the second Court-recruited attorney was also terminated from this case. Doc. 231.

allegations in this case. Accordingly, Defendants' objection to testimony by Joshua Schoenbeck, Paul Smith, and James Dorn is SUSTAINED. Plaintiff may not call these witnesses to testify.

This matter also comes before the Court on Plaintiff's Motions in Limine (Docs. 251, 253, 254, and 255) to which Defendants Milleur, McCaleb, and Matheny responded (Docs. 256 and 258). Defendants Milleur, McCaleb, and Matheny filed Motions in Limine; Plaintiff did not respond. Evidence may be excluded in limine if the movant establishes "that the evidence is inadmissible on all potential grounds." *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020 (N.D. Ill. 2011). Rulings in limine may be reconsidered during trial "as the case unfolds" and "even if nothing unexpected happens at trial." *Id.*, quoting *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006).

**Plaintiff's Motions in Limine**

   **1. Evidence of criminal convictions (Doc. 251)**

Plaintiff asks that the Court bar in limine evidence of his criminal convictions and sentences. Defendants contend that the jury should hear that Plaintiff was a convicted felon and incarcerated at all times relevant to this case, which is the undersigned's typical practice in §1983 cases involving conditions of confinement. Plaintiff's Motion in Limine No. 1 is GRANTED IN PART. Defendants may not introduce evidence of any specific crime(s) or the length of Plaintiff's sentence(s).

   **2. Disciplinary reports and adjustment committee findings (Doc. 253)**

In their written response to this motion in limine (Doc. 258), Defendants argued that the jury should learn that Plaintiff was in disciplinary segregation during certain relevant time periods. At the final pretrial conference, Defendants explained that they would not attempt to introduce

evidence of the specific acts for which Plaintiff was placed in either investigative or disciplinary segregation, and they otherwise had no objection to the exclusion of Plaintiff's disciplinary reports and adjustment committee findings.   Plaintiff's Motion in Limine is therefore GRANTED. The jury may hear, however, that Plaintiff was in disciplinary segregation or investigative segregation at relevant times.

3. **Plaintiff's third motion in limine contains fifteen subparagraphs, listed as lower case letters.**

    a. **Plaintiff's past or present litigation history against IDOC or Wexford.** Defendants have no objection, and therefore this motion in limine is GRANTED.

    b. **Plaintiff's grievances regarding IDOC employees or Wexford employees.** Defendants object, contending that they may impeach him with his own statements. Plaintiff's motion in limine to exclude his grievances is DENIED to the extent that the grievances contain prior inconsistent statements to his trial testimony.

    c. **Grievances written by witnesses called by Plaintiff to testify, or lawsuits filed by those witnesses.** Defendants object, contending that grievances written by witnesses may be used for impeachment of those witnesses. Plaintiff's motion in limine to exclude grievances written by witnesses is DENIED to the extent that those grievances may be used for impeachment of the witnesses. Plaintiff's motion is GRANTED to the extent that lawsuits filed by witnesses shall be excluded.

    d. **Testimony or argument that Plaintiff's damages should be nominal because he

    **lives in prison.**  Defendants have no objection; this motion is GRANTED.

e. **Argument in closing that Plaintiff has asked for more money than he expects to receive.**  Defendants have no objection; this motion is GRANTED.

f. **Evidence or argument that Plaintiff was in a gang or security threat group.** Defendants object, contending that it may be necessary to explain "why certain procedures are done with respect to segregation and the housing of individuals in custody."  However, Defendants fail to explain any specific relevant purpose for referencing Plaintiff's involvement in a gang or security threat group in front of the jury.   It is not even clear whether IDOC considers Plaintiff to be involved in a gang or security threat group.   This motion is GRANTED but Defendants may make an offer of proof outside the presence of the jury.

g. **Plaintiff's "sole" reason for filing this lawsuit was for financial gain.** Defendants have no objection; this motion is GRANTED.

h. **Evidence or argument mentioning settlement negotiations.** Defendants have no objection; this motion is GRANTED.

i. **Evidence or argument regarding Plaintiff's previous pro bono attorneys and their withdrawals/terminations from this case.**   Defendants have no objection; this motion is GRANTED.

j. **Documents containing out-of-court hearsay.**   Defendants object, and Plaintiff points the Court to no specific documents for which this motion pertains.   While the Court does not intend to allow the jury to hear inadmissible hearsay, there are

exceptions to the hearsay rule. The Court cannot make a broad determination that no document containing hearsay shall be admitted without seeing the actual document(s) in question. This motion is DENIED.

k. **Security levels at Menard Correctional Center or Pontiac Correctional Center.** This motion as it pertains to Pontiac Correctional Center is MOOT, as Plaintiff makes no allegations regarding Pontiac in Counts I and II. Defendants contend that security levels at Menard may be relevant as evidence is presented regarding procedures in segregation. Because Plaintiff has failed to establish that evidence regarding security levels at Menard is inadmissible for any purpose, this Motion is DENIED.

l. **Any references to the jurors' interests as taxpayers.** Defendants have no objection; this motion is GRANTED.

m. **Referring to Plaintiff or other inmates as "felons" or "convicts" or "inmates" or "criminals."** Defense counsel explains that they have no intention of referring to Plaintiff or other inmates as "criminals" or "felons" or "convicts" but Plaintiff and any incarcerated witnesses *are* inmates. The terms "inmates" and "offenders" and "individual in custody" are used throughout IDOC documents and procedures and this case *is* about conditions at an IDOC prison. Plaintiff's motion is GRANTED to the extent that defense counsel shall not refer to Plaintiff or his witnesses as "criminals" or "felons" or "convicts" and, for the most part, Plaintiff and his witnesses should be referred to as "Mr. _____." However, it is impractical for the Court to bar in limine the terms "inmate" or "offender" or

"individual in custody."

    **n. Awards or commendations received by Defendants.** Defendants do not object except to the extent that they intend to explain to the jury the positions they have held at Menard in order to provide general testimony about their job duties. This motion is GRANTED but Defendants may testify to the positions they have held as correctional officers.

    **o. References to motions in limine.** Defendants have no objection; this motion is GRANTED.

4. **Plaintiff's appearance to the jury.**

Plaintiff requests to be allowed to wear plain clothes during trial and be unshackled. The Court will make reasonable efforts to conceal the shackles on Plaintiff's legs/feet from the jury and Plaintiff may wear plain clothes (e.g., a white button-down shirt and dark-colored pants) to trial if those items are provided to him by the IDOC and/or approved by the IDOC. The Court will defer to the IDOC officers, Court security officers, and U.S. Marshals on necessary security measures.

**Defendants' Motions in Limine (Doc. 263)**

There are no objections by Plaintiff to these motions.

1. **Causation of medical or mental health conditions.**

This motion is GRANTED. Plaintiff has not disclosed any expert witnesses and therefore may not present expert testimony at trial. Laypersons may not give expert opinions. However, this ruling should not be construed as preventing Plaintiff from testifying to his experiences in

segregation.

**2. Inadmissible hearsay statements by medical professionals.**

As previously explained, the Court does not intend to allow the jury to hear inadmissible hearsay. However, without knowing which statement(s) are the subject of this motion, the Court cannot find such statements to be inadmissible hearsay. This motion is DENIED.

**3. Testimony or argument that the State of Illinois will indemnify Defendants.**

This motion is GRANTED.

**4. Evidence of other lawsuits involving Defendants.**

Character evidence is generally inadmissible and therefore this motion is GRANTED. Fed. R. Evid. 404.

**5. Misconduct by Defendants, or grievances against them.**

Character evidence is generally inadmissible and therefore this motion is GRANTED. Fed. R. Evid. 404.

**6. Any "Golden rule" appeal.**

This motion is GRANTED.

**7. IDOC policies and procedures**

Evidence that Defendants violated a departmental rule does not necessarily signal a violation of Plaintiff's constitutional rights. *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006). However, Defendants have not shown that IDOC policies and procedures are

inadmissible for any purpose. As noted above, Defendants argued that they should be allowed to present evidence of IDOC procedures. The Court will not bar Plaintiff in limine from referencing those procedures. This motion is DENIED, but the denial should not be construed as a green light for Plaintiff to argue to the jury that his Constitutional rights were violated simply because Defendant(s) failed to follow an IDOC procedure.

**IT IS SO ORDERED.**

**DATED: January 27, 2026**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**