IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA KRUGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  20-cv-24-RJD |
| ) | |
| JOSH MILLEUR, JOHN MCCALEB, ) | |
| JACOB MATHENY and WEXFORD ) | |
| HEALTH SOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Joshua Kruger, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983.  He alleged that his constitutional rights were violated while he was incarcerated in segregation at the North-2 building at Menard Correctional Center ("Menard") from November 2017-April 2018.  Docs. 12, 126; Doc. 228-1, ¶¶  Following the Court's rulings on summary judgment and a settlement reached between Plaintiff and Defendant Wexford Health Sources, Inc., this case proceeds to trial on the following claims:

> Count One: Eight Amendment conditions of confinement claim against Defendants Milleur, McCaleb, and Matheny, for placing and keeping Plaintiff in a deplorable segregation cell without adequate bedding and cleaning supplies.
>
> Count Two: Eighth Amendment conditions of confinement claim against Defendant Milleur for forcing Plaintiff to live around severely mentally ill ("SMI") prisoners.

Docs. 245, 272.

Plaintiff transferred from Menard to Pontiac Correctional Center in September 2018. Doc. 126, ¶34. He filed this lawsuit pro se on January 7, 2020 and subsequently moved the Court to recruit counsel for him. Docs. 1, 92. The Court recruited an attorney for Plaintiff but later granted counsel's motion to withdraw based on Plaintiff's dissatisfaction with the representation he received. Docs. 98, 192, 201. The Court recruited another attorney for Plaintiff, but that relationship ended when Plaintiff moved the Court to once again proceed pro se. Doc 230, 231.

This case is set for trial on February 3, 2026 (three business days from the date of this order). The Court held a final pretrial conference on January 22, 2026. Defense counsel objected to most of the witnesses disclosed by Plaintiff to testify at trial because Plaintiff had not named those witnesses in his Initial Disclosures. The Court sustained Defendant's objections but found that Plaintiff could call a witness he had previously disclosed in his Initial Disclosures, Gregory Turley. Docs. 278, 279. However, this Court has specific procedures in place for a pro se party to issue subpoenas; namely, the pro se party must file a motion "for an Order authorizing the issuance of the requested subpoena[]s for [the] specific witness[]". S.D. Il. Local Rule 45.1(b). In the motion, the pro se party "must address the relevancy of the subject person[]". *Id*. Plaintiff had never moved the Court to allow him to issue a subpoena to Mr. Turley. On January 27, 2026, the Court ordered Plaintiff to provide a status report regarding whether he had verified that Mr. Turley was willing to testify without first being subpoenaed. Doc. 279. If Plaintiff had done so, the Court would issue a writ for Mr. Turley to appear. *Id*.

Yesterday (January 28, 2026), Plaintiff filed a status report in which he explained that he had a conversation with Gregory Turley "years ago" regarding Mr. Turley testifying "to the conditions at Menard in 2017-2018, especially in the North 2 segregation cellhouse." Plaintiff wants the Court to "issue a subpoena for Mr. Turley to testify by Zoom technology" on February

4, 2026. Plaintiff explains that Mr. Turley is "aging" and that it would be unduly burdensome for him to be transported from his current correctional facility.

The Court frequently allows witnesses to testify via videoconference and would consider issuing a writ to secure Mr. Turley's presence via videoconference under certain circumstances. What is problematic is that Plaintiff has not already subpoenaed Mr. Turley, or even talked to him. To the extent Plaintiff is now (less than a week before trial) asking the Court for an Order that authorizes the issuance of a subpoena upon Mr. Turley pursuant to Local Rule 45.1(b), that request is DENIED. Plaintiff has not provided a sufficient explanation for the relevancy and foundation for Mr. Turley's testimony. Plaintiff has not spoken to Mr. Turley in "years" and has not provided the Court with specific information regarding whether Mr. Turley was housed in North 2 from November 2017-April 2018 at Menard, or if Mr. Turley recalls the conditions in which he was housed during that time. Nothing in the record reflects whether Mr. Turley observed the specific conditions encountered by Plaintiff.

To the extent Plaintiff is asking the Court to serve Mr. Turley with a subpoena, that is not a service the Court performs, even if Plaintiff had sufficiently explained the relevancy of Mr. Turley's testimony. *See* Fed. R. Civ. P. 45 and Local Rule 45.1. While the Court may issue a writ, the undersigned declines to do so when Plaintiff has not spoken to Mr. Turley in "years" and Mr. Turley did not give a deposition in this case. Accordingly, Plaintiff's request for the Court to arrange for Mr. Turley to testify is DENIED.

**IT IS SO ORDERED.**

**DATED: January 29, 2026**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**